IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | 1:18CR5(2) |
| v. | § | Judge Marcia Crone |
| | § | |
| CHRISTIAN CERDA (2) | § | |
| | § | |
| | § | |

## FACTUAL BASIS AND STIPULATION

The United States of America, presents to the Court, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by the defendant, **Christian Cerda** and the defendant's attorney **Reynaldo P. Morin**, and presents this factual basis and stipulation in support of the defendant's plea of guilty to Count Two of the indictment, and in support thereof, would show the following:

1. That the defendant hereby stipulates and agrees to the truth of all matters set forth in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of his plea of guilty to:

   - Count Two of the indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to possess with the intent to distribute a controlled substance, namely 5 kilograms or more of cocaine HCL;

2. That the defendant, who is pleading guilty to such indictment, is one and the same person charged in the indictment.

3. That the events described in the indictment occurred in the Eastern District of Texas and elsewhere.

Factual Basis and Stipulation – Page 1

4. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the indictment; specifically, the government would have proven the following stipulated facts:

a) On October 17, 2016, 5 kilogram cocaine HCL were seized from a car in a New Orleans DEA investigation. The car was registered to **Christian Cerda** who is **Eugenio Cerda's** son. **Christian Cerda** registered the car in his name at **Eugenio Cerda's** direction, fully aware the car would be used to aid and abet **Eugenio Cerda's** drug trafficking activities.

b) After the seizure, **Eugenio Cerda** told a Houston DEA cooperating source (CS) about New Orleans 5 kilogram cocaine HCL seizure.

c) On January 19, 2017, the CS negotiated with **Eugenio Cerda** for a kilogram of "china white heroin" for $45,000. Surveillance saw a truck leave **Eugenio Cerda's** home in Baytown, Texas. A patrol unit stopped the truck driven by **Abel Gutierrez** and found the kilogram behind the stereo. Lab results showed the kilogram was N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, specifically: fentanyl.

d) On January 31, 2017, Jackson County, Mississippi, Sheriff's Office stopped and arrested **Courier 1** with 3 kilograms of cocaine HCL. A temporary tag in the car showed it was registered to **Eugenio Cerda**. **Courier 1** said he was driving to Alabama for money. He said he got the truck at Buccee's in Baytown and had **Eugenio Cerda's** number in his phone and said **Eugenio Cerda** was who got the truck from. Buccee's surveillance showed **Eugenio Cerda** and **Christian Cerda** dropping off the load truck and meeting with **Courier 1** earlier this day. **Courier 1** drove through the Eastern District of Texas after he left Buccee's on his way to Mississippi.

e) On March 14, 2017, agents utilized a CS to buy an ounce of cocaine HCL from **Eugenio Cerda** in front of **Eugenio Cerda's** home. The CS told **Eugenio Cerda** that he knows someone (referring to an undercover officer (UC) who wants to purchase kilograms of cocaine HCL. **Eugenio Cerda** then delivered the cocaine HCL to the UC.

f) On April 18, 2017, agents utilized a CS to buy another ounce of cocaine from **Eugenio Cerda** at the Baytown Buccee's. The UC was present for this transaction, and the CS told **Eugenio Cerda** that **Eugenio Cerda** will have to deal directly with the UC going forward.

g) On May 3, 2017, the UC arranged a 1-ounce cocaine buy with **Eugenio Cerda**. **Eugenio Cerda** sent his son **Christian Cerda** who delivered the cocaine to the UC at Buccee's.

h) On May 17, 2017, court-authorized wire interception began on **Eugenio Cerda's** phone. On May 18, 2017, the UC ordered another ounce of cocaine HCL from **Eugenio Cerda**. **Christian Cerda** delivered the cocaine HCL to the UC.

i) On May 18, 2017, the UC bought another ounce of cocaine HCL from **Eugenio Cerda**. **Christian Cerda** delivered the cocaine HCL to the UC.

j) On May 26, 2017, the UC called **Christian Cerda** to purchase 0.5 kilograms of fentanyl. **Christian Cerda** referred the UC to **Eugenio Cerda**. **Eugenio Cerda** ultimately refused to sell fentanyl to the UC but did sell it to the CS on June 6, 2017. **Eugenio Cerda** sold the CS 0.5 kg of fentanyl for $27,500 under the Robert C. Lanier Bridge in Baytown, Texas.

k) Through the course of the conspiracy, **Christian Cerda** knowingly and intentionally conspired and agreed with others to distribute and possess with the intent to distribute 500 grams of fentanyl and 8.056 kilograms of cocaine HCL, and he is personally responsible for this quantity.

### DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and stipulation and the indictment or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that the United States can prove each of these acts and that it accurately describes the events about my acts and the events as recited as I know them.

Dated: 6/8/18

_____
~~EUGENIO CERDA~~ Christian Cerda
Defendant

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

7.  I have read this factual basis and stipulation and the second superseding indictment and have reviewed them with my client, **Christian Cerda**. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis and stipulation as well as the indictment, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: 6/8/18

_____
REYNALDO MORIN
Attorney for the Defendant

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____
CHRISTOPHER RAPP
Assistant United States Attorney
Eastern District of Texas
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 Fax
Arizona Bar No. 025704